# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-cv-61845-SMITH

MARIO RODRIGUEZ IZQUIERDO,

     *Petitioner*,

  *v.*

GARRETT RIPA, in his official capacity as Field Office
Director of the Immigration and Customs Enforcement,
Enforcement and Removal Operations Miami Field
Office, *et al.*,

     *Respondents.*

_____/

### <u>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS</u>

In this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, Petitioner Mario Rodriguez Izquierdo, an undocumented alien resident of the United States, "seeks immediate release from Respondents' custody." [DE at 15] ("Petition"). The Court now enters this Memorandum and Order on his Petition and subsequent Motion for Expedited Consideration, Order to Show Cause, and Stay of Removal. [DE 6] ("Motion for Expedited Consideration"). Respondents filed their Return Opposing Petition for Writ of Habeas Corpus, ECF 8 ("Return"), too which Petitioner filed a traverse, [DE 9] ("Traverse").

In his Petition, Petitioner argues that he "entered the United States without inspection[,] is not otherwise subject to mandatory detention, and the only legal impediment to his release is Respondents' unilateral stay of an [Immigration Judge's] duly issued bond order." Petition, ¶ 47. During the pendency of this action, the Board of Immigration Appeals ("BIA") vacated the IJ's July 18, 2025 order granting the Petitioner's release on payment of bond of $10,000, and ordered Petitioner held in

DHS's custody without bond. Subsequent to the BIA's decision, Petitioner then claimed that "§ 1226(a), not § 1225(b)(2)(A), governs Petitioners' detention. Because § 1226(a) governs, Petitioner is entitled to an individualized bond hearing before an immigration judge." Traverse, p. 6. Petitioner reiterates in his Traverse that "the Due Process Clause requires his release, or, at minimum, a prompt and meaningful bond hearing." *Id.*, p. 9

For the reasons below, the Petition will be denied. First, the portion of Petitioner's claim directed towards the ICE's invocation of the automatic stay provisions has been mooted in its entirety by the BIA's decision in bond proceedings, reversing the IJ's bond determination. Second, Petitioner's continued detention without bond is permissible, pursuant to 8 U.S.C. § 1225(b).

## I.   <u>Background</u>

Petitioner is a native and citizen of Cuba. *See* Return, Exhibit 1, Form I-213, Record of Deportable/Inadmissible Alien, dated March 18, 2022. On or about March 18, 2022, Petitioner was encountered by the U.S. Customs and Border Patrol ("CBP") at or near San Luis, AZ, near the United States/Mexico border. *Id.* Petitioner admitted he unlawfully entered the United States without valid travel documents and without inspection by an immigration officer. *Id.* CBP determined Petitioner was inadmissible. *Id.*

CBP initiated removal proceedings pursuant to section 240 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229a, by issuing a Notice to Appear ("NTA"), dated March 18, 2022. *See* Return, Exhibit 2, NTA. The NTA charged Petitioner with removability under section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. *See* Return, Exhibit 2, NTA. On March 19, 2022, U.S. Immigration and Customs Enforcement ("ICE") issued an order releasing Petitioner on his own recognizance. *See* Return, Exhibit 3, Order of

Release on Recognizance.

On June 5, 2025, upon motion of DHS, the Immigration Judge dismissed the Petitioner's removal proceedings under INA§ 240, 8 U.S.C. § 1229a, pursuant to 8 C.F.R. § 239.2(a)(7). *See* Return, Exhibit 4, Order on Motion to Dismiss, dated June 5, 2025. Immediately thereafter, ICE Enforcement and Removal Operations ("ERO") officers encountered Petitioner and detained him pursuant to INA § 235, 8 U.S.C. § 1225, to pursue expedited removal proceedings. *See* Return, Exhibit 5, Declaration of Deportation Officer Baksh, ¶ 11. On June 5, 2025, DHS took a Record of Sworn Statement, Form I-867A, from the Petitioner. *See* Return, Exhibit 6, Form I867A, dated June 5, 2025. On June 18, 2025, Petitioner was referred to U.S. Citizenship and Immigration Services (USCIS) for an interview. *See* Return, Exhibit 5, Baksh Declaration ¶ 14. On June 24, 2025, ERO served Petitioner with an Expedited Removal Order, Form I-860. *See* Return, Exhibit 7, Notice and Order of Expedited Removal, dated June 24, 2025; Return, Exhibit 5, Baksh Declaration ¶ 16. On July 15, 2025, USCIS administratively closed the credible fear claim. *See* Return, Exhibit 5, Baksh Declaration ¶ 17.

On June 17, 2025, Petitioner appealed the Immigration Judge's June 5, 2025, order dismissing removal proceedings to the Board of Immigration Appeals ("BIA"). The appeal is currently pending. *See* Return, Exhibit 8, EOIR Automated Case Information.

On June 18, 2025, Petitioner filed a habeas petition, claiming he was improperly placed in expedited removal proceedings and unlawfully detained, which the district court dismissed on June 30, 2025. *See Rodriguez Izquierdo v. Bondi, et. al.*, No. 25-cv-61231-LEIBOWITZ (S.D. Fla.). Petitioner has appealed the district court's decision to the Eleventh Circuit Court of Appeals. *See Rodriguez Izquierdo v Broward Transitional Warden.*, No. 25-12275 (11th Cir.). This appeal is currently pending. *Id.*

On July 18, 2025, an Immigration Judge granted a bond to Petitioner. On July 21, 2025, ICE filed a Form EOIR-43, Notice of ICE Intent to Appeal Custody Determination, with the BIA,

which was served on the Petitioner on the same date. The notice invoked the automatic stay of the custody redetermination order pending DHS filing of a Notice to Appeal with the BIA. On July 30, 2025, DHS filed a notice of appeal from the Immigration Judge's order granting custody redetermination in the case, because Petitioner is subject to expedited removal. On September 24, 2025, the Board sustained DHS' appeal, vacated the Immigration Judge's bond order, and ordered the respondent held in DHS' custody without bond. *See* Return, Exhibit 9, M-M-R-I, Axxx-xxx-292 (BIA Sept. 24, 2025).

Petitioner is currently detained at the Broward Transitional Center (BTC) in Pompano Beach, Florida. *See* Return, Exhibit 10, EARM Detention History; Return, Exhibit 5, Baksh Declaration ¶ 19.

Petitioner now seeks a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on the grounds that his due process rights have been violated and seeks an order for his release.

## II.      Legal Standard

Section 2241 authorizes a district court to grant a petition for writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 18 U.S.C. § 2241(c)(3). "In a § 2241 habeas corpus case, '[the] petitioner has the burden of establishing his right to federal habeas relief.'" *United States v. Nickson*, 553 F. App'x 866, 869 (11th Cir. 2014) (quoting *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006)).

## III.     Analysis

### a.  Statutory Authority for Detention

The authority of ICE to detain aliens who are present in the country unlawfully derives from 8 U.S.C. §1225. That statute authorizes the detention of any alien who 1) is "an applicant for admission" to the country and 2) is "not clearly and beyond doubt entitled to be admitted." Id. §1225(b)(2)(A). An alien is an "applicant for admission" if he has arrived to or is present in the country but has not yet been

lawfully granted admission. *Id*. § § 1225(a)(1); see 8 U.S.C.§1101(a)(13)(A).

Because Petitioner remains an applicant for admission, his detention is authorized so long as he is "not clearly and beyond doubt entitled to be admitted" to the United States. 8 U.S.C. §1225(b)(2)(A). Petitioner's continued detention is therefore authorized by §1225(b)(2)(A) and, according to that statute, such detention is mandatory, regardless of whether the alien has been placed in full or expedited removal proceedings. *See Jennings v. Rodriguez*, 583 U.S. 281 (2018) ("[Section] 1225(b)(2) mandates[s] detention of aliens throughout the completion of applicable proceedings ...."); *see also* 8 U.S.C. §1225(b) (indicating that aliens "shall be detained," including during the pendency of removal proceedings under 8 U.S.C. §1229a)

### b.  This Action Is Moot to the Extent It Is Directed Towards ICE's Invocation of the Automatic Stay

Federal courts have limited jurisdiction; they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Without subject matter jurisdiction, the court has no power to move forward with the case. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) (explaining that, in federal court, jurisdiction takes precedence over the case merits). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Dismissal of a moot case is required because mootness is jurisdictional." *BankWest, Inc. v. Baker*, 446 F.3d 1358, 1363 (11th Cir. 2006).

"A case that becomes moot at any point during the proceedings is 'no longer a 'Case' or 'Controversy' for purposes of Article III,' and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 584 U.S. 381, 381 (2018). An exception to mootness exists "for disputes that are 'capable of repetition, yet evading review,'" and the party claiming the exception must show that: (1) "the challenge action [is] in its duration too short to be fully litigated prior to cessation or

-5-

expiration"; and (2) "there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Juvenile Male*, 564 U.S. at 938 (citation omitted).

A case may be rendered moot as a result of a change in circumstances. *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1327 (11th Cir. 2004). "If a lawsuit is mooted by subsequent developments, any decision a federal court might render on the merits of [the] case would constitute an [impermissible] advisory opinion." *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005). Such is the case here. The central thrust of the Petition is directed towards the constitutionality of the automatic stay regulation, 8 C.F.R. § 1003.19(i)(2), which Petitioner claims is both a "violation of his due process rights" and "ultra vires insofar as it is plainly inconsistent with the statutory scheme." *See* Petition, ¶¶ 32-33, 39. But this issue was mooted in its entirety by the BIA's decision in bond proceedings, reversing the IJ's bond determination. Specifically, the BIA vacated the IJ's July 18, 2025 order granting the Petitioner's release on payment of bond of $10,000, and ordered Petitioner held in DHS's custody without bond. Thus, this portion of the Petition is now moot, mandating dismissal.

### c.  Petitioner's Continued Detention is Proper Under Immigration Statutes and the Constitution

Petitioner further suggests that his continued detention contravenes his right to due process of law. Under the Fifth Amendment, applicants for admission who, like Petitioner, remain in the country illegally are entitled to due process rights. *Wong Wing v. United States*, 163 U.S. 228, 238 (1896). Based upon the inherent authority of the United States to expel aliens, however, applicants for admission are entitled only to those rights and protections Congress set forth by statute. *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953). The due process clause requires "nothing more." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see id*. at 131 ("[T]he decisions of executive ... acting within powers expressly conferred by Congress[] are due process.").

The due process clause likewise prohibits the unduly prolonged detention of an alien. *Zadvydas*

*v. Davis*, 533 U.S. 678, 690 (2001). Some period of detention is constitutionally valid, however, *Demore v. Kim*, 538 U.S. 510, 511 (2003), and an alien's detention presumptively comports with due process rights if it does not exceed six months, *Zadvydas*, 533 U.S. at 701.

The BIA recently held that Petitioner is currently subject to detention under 8 U.S.C. § 1225(b)(2)(A) and Immigration Judge does not have jurisdiction to grant bond to aliens detained under that subsection. Should the BIA dismiss Petitioner's appeal of the dismissal of the removal proceedings, he would then be subject to detention pursuant to 8 U.S.C. § 1225(b)(1) as an alien in expedited removal proceedings. As an applicant for admission who is inadmissible under § 1182(a)(7), Petitioner is subject to expedited removal under 8 U.S.C. § 1225(b)(1)(A)(i) & (iii) and 8 C.F.R. § 235.3(b)(1)(ii) (referring to aliens who arrive in, attempt to enter, or have entered the United States without having been admitted or paroled following inspection by an immigration officer that they have been physically present in the United States for the 2-year period immediately prior to the date of determination of inadmissibility). Petitioner is within the designated group of aliens who (i) "are physically present in the U.S. without having been admitted or paroled," (ii) "are encountered by an immigration officer within 100 air miles of any U.S. international land border," and (iii) cannot establish "that they have been physically present in the

U.S. continuously for the 14-day period immediately prior to the date of encounter." 2004 Designation, 69 Fed. Reg. at 48,880. *see also Matter of M-S-*, 271 I&N Dec. 509, 511 (BIA 2019). Furthermore, section 235(b)(1)(B)(ii) mandates detention (i) for the purpose of ensuring additional review of an asylum claim, and (ii) for so long as that review is ongoing, until removal proceedings conclude, unless DHS exercises its discretion to parole the alien. *Matter of M-S-*, 27 I&N Dec. at 517.

In this case, Petitioner's detention is both authorized and required by a duly enacted federal statute, as articulated above, *see* 8 U.S.C. §1225(b)(2)(A), and this Court is likewise without jurisdiction

to review the decision to initiate his removal in the first instance, *see Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999). His detention status thus comports with due process. *See Mezei*, 345 U.S. at 212; *Knauff*, 338 U.S. at 543; *Thuraissigiam,* 591 U.S. at 140.

As for the length of his detention, Petitioner has been detained, at this point, for only four months, far short of the six-month period that is presumptively constitutional. *See Zadvydas*, 533 U.S. at 690. Petitioner has thus failed to allege any plausible due process violation and his petition will therefore be denied.

<u>**CONCLUSION**</u>

1) The petition for habeas corpus of petitioner, Mario Rodriguez Izquierdo [DE 1], his amended petition [DE 5] and his motion for expedited consideration [DE 6] are **DENIED**.

2) Any other pending Motions are **DENIED as moot.**

3) This case is **DISMISSED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this October 24th, 2025

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**